### HASKELL v. CUTTING et al.

(Supreme Court, Appellate Term, First Department. May 31, 1916.)

1. MUNICIPAL CORPORATIONS ⟨⟩817(2)—DEFECTS IN STREETS—ACTIONS—PRESUMPTION—CELLAR DOOR.

The mere giving way of a cellar door in a sidewalk does not raise the presumption of negligence of the owner.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. ⟨⟩817(2).]

2. MUNICIPAL CORPORATIONS ⟨⟩808(8)—DEFECTS IN STREETS—LIABILITY OF ABUTTING OWNERS—PERMISSION OF CITY.

Where an opening is placed on a sidewalk with the city's permission, it does not become a nuisance, unless either constructed or maintained negligently.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1692; Dec. Dig. ⟨⟩808(8).]

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Haskell against Lydia S. Cutting, impleaded with James Callas. From a judgment for plaintiff in Municipal Court after trial by a jury, defendant Cutting appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Barent L. Visscher, of New York City, for appellant.
Solomon Goodman, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff's wife, in October, 1913, stepped upon some cellar doors in the sidewalk appurtenant to premises owned by the defendant and leased by him. The doors gave way under the plaintiff's wife, who received substantial injuries. The complaint sets forth a cause of action in negligence and a cause of action in nuisance. At the trial the plaintiff showed only that the cellar steps were covered with two wooden doors, that his wife stepped upon these doors and that they gave way, precipitating her to the steps. These doors extended beyond the building line into the street four or five feet. The plaintiff failed to show that these doors were in a defective condition prior to the accident, unless such defective condition can be inferred from the accident itself. The undisputed evidence discloses that the doors were sound and did not break. After the accident a witness testifies that she saw one of the doors broken from its hinge; but it does not appear that the hinge was not broken as a result of the door giving way. There is absolutely no evidence as to how the accident occurred. It may have been through a sudden breaking of the hinge through some defect of which the defendant had no notice, or it may have been through some negligence in the handling of the doors by the tenant. In any event it is quite clear that the plaintiff failed to show notice of any defect in these doors, or any facts upon which negligence might be predicated, and at the end of the case the plaintiff elected to stand upon his cause of action for nuisance.

[2] It is not claimed that the existence of the doors in the street was without the consent of the city authorities, or that the defendant would be liable for any accident, in the absence of facts showing that he failed in some duty concerning the maintenance of the door. While the defendant did not introduce in evidence any specific permit, rule, or ordinance of the municipal authorities for the erection of these specific cellar doors, it is in evidence that these doors extend only 4 feet 6 inches into the street from the building line, and that the ordinances of the city permit such doors to extend 5 feet from the building line. This evidence was admitted without objection, and the plaintiff does not now really claim that the presence of the doors in the street constitute an unqualified nuisance. He does, however, claim that, since these doors were placed in the street for the benefit of the owner of the adjacent premises, that owner is under the absolute duty to keep the doors reasonably safe. Inasmuch as the evidence shows that the opening was placed in the sidewalk lawfully, it does not be-

come a nuisance, unless it was either negligently constructed or negligently maintained. In the case of Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398, the Court of Appeals decided that:

"It is clear that when it [an excavation in the public street] is made with the consent of the proper municipal officers, the rule of liability relaxes its severity, and rests upon the ordinary principles governing actions of negligence."

In the present case there is certainly no evidence of negligence in the construction of the opening, and I can find no evidence of negligence in its maintenance. The record fails to disclose the cause of the accident, or any condition in the opening previous to the accident which put upon the owner, in the exercise of his obligation to exercise reasonable precaution, the duty to make any repairs.

Judgment should therefore be reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.